**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **MARY WYNN VENTERS**  )<br>  )<br>  Plaintiff  )<br>  )<br>  )  Civil Action No. TMD 08-1736<br>  )<br>  )<br>**MICHAEL J. ASTRUE,**  )<br>Commissioner of Social Security,  )<br>  )<br>  Defendant.  )<br>  ) | |

<u>MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND</u>

Mary Wynn Venters ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, §§ 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Paper No. 15), Defendant's Motion for Summary Judgment (Paper No. 16) and Plaintiff's Response thereto. (Paper No. 17). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's Alternative Motion for Remand is granted.

**I.  Procedural History**

Plaintiff filed his application for DIB on September 2, 2002 alleging disability since May 14, 2002 due to chronic neck and back pain, hypertension, bulging disc, degenerative disc disease, pinched nerve and calcium deposits. R. at 55-57, 105-06. The claim was denied

initially and on reconsideration. R. at 48-50, 52-53. On September 14, 2007, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 419-48. Plaintiff was represented by counsel. In a decision dated December 17, 2007, the ALJ denied Plaintiff's request for benefits. R. at 24-34. The Appeals Council denied review on May 30, 2008 making this action ripe for review. R. at 4-6.

## II.  ALJ's Decision

The ALJ evaluated Claimant's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spines and hypertension. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ then concluded at step four that Plaintiff was capable of performing his past relevant work. Accordingly, he found that Plaintiff was not disabled within the meaning of the Social Security Act.   R. at 24-34.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

## IV. Discussion

Plaintiff contends that the final decision denying him DIB is not supported by substantial evidence because (1) the Appeals Council erred in failing to consider new and material evidence; (2) the ALJ failed to properly evaluate whether Claimant met Listing 1.04; (3) the ALJ erred in failing to give proper weight to Claimant's treating physician; and (4) the ALJ failed to support his RFC assessment by citation to specific medical evidence.

A.    Appeals Council

20 C.F.R . § 404.970(b) provides that "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  Similarly, 20 C.F.R . § 404.976 provides: "The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the

period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application. The notice returning the evidence to you will also advise you that if you file a new application within 6 months after the date of the Appeals Council's notice . . .".  Accordingly, the Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *See Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).

      Here, Plaintiff submitted a Medical Assessment of Ability to do Work-Related Activities (Physical) completed by his treating physician, Dr. Rakesh Mathur.  R. at 13-19.  Plaintiff asserts that the Appeals Council summarily rejected this new and material evidence by stating "[w]e found that this evidence does not provide a basis for changing the ALJ's decision." Plaintiff Mem. at 12 *citing* R. at 7.  In actuality, the Appeals Council made no such statement but only generally indicated that it had considered the reasons Claimant disagreed with the ALJ decision and found that the information does not provide a basis for changing the decision.  R. at 4-6.  Nowhere does the Appeals Council indicate that it considered the evidence submitted by Plaintiff's counsel on May 7, 2008 which included Dr. Mather's assessments dated April 21, 2008 but indicating that the opinions expressed therein related back to 2002.  R. at 17, 19. Because the Appeals Council makes no mention of this evidence, we have no way of knowing whether the Appeals Council determined that such evidence was not material and/or not new or whether such evidence was simply ignored

The pertinent regulation, 20 C.F.R. § 404.976, Procedures before Appeals Council on Review, provides:

> ... The Appeals Council *will consider* all the evidence in the administrative law judge hearing record as well as any *new and material evidence* submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application....

*See also* 20 C.F.R. § 404.970 (emphasis added). Accordingly, the regulations mandate that the Appeals Council consider any "new and material" evidence which bears on the period on or before the ALJ's decision." As stated in *Waters v. Astrue*, No. 06-101PWG (D. Md. July 18, 2007) and *Barton v. Astrue*, No. 06-790PWG, (D. Md. July 18, 2007)

> New evidence' is evidence which is not duplicative or cumulative. Evidence is 'material' if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F. 2d at 96. When the Appeals Council incorporates new evidence into the record, the Court must review the record as a whole including the new evidence.

Although prepared after the ALJ's decision, Dr. Mathur's report pertains to Claimant's pre-decision period.[1] R. at 17. The Commissioner argues that it does not constitute "new" evidence because it mirrors a prior report by Dr. Marthur dated January 11, 2007. R. at 310-12. The Court has compared the two reports and while the reports indeed contain similar findings, the Court still finds the evidence submitted to the Appeals Council to constitute "new" evidence. Additionally, the evidence also includes a Pain Assessment, which was not in previously submitted materials, which indicates that the assessment relates to the period back to 2002. R.

---

[1] There is nothing in the record to indicate that the Appeals Council returned the report to Plaintiff as not being relevant to the period in question, or advise him of his right to file a new application as required under 20 C.F.R. § 404.1967.

at 18-19.  With respect to whether the evidence is "material", the Commissioner now argues that it fails to raise the reasonable possibility of changing the ALJ's decision.  In other words, the Commissioner argues that even considering the report, the denial of benefits was supported by the evidence.  This may be so but that is not this Court's decision to make.  The holding today to remand the decision to consider the subsequently submitted evidence reflects nothing about the Court's view of the strength of Claimant's evidence of disability.  Rather, the Court holds that the Appeals Council's failure to consider any new and material evidence requires a remand.[2]

---

[2]  Plaintiff also asserts that the case should be remanded because the ALJ failed to properly evaluate Plaintiff's impairments at step three.  This Court has previously held that, with respect to an ALJ's analysis of the Listing of Impairments ("LOI"), when the evidence in the administrative record clearly generates an issue as to a particular listing in the LOI and the ALJ fails properly to identify the LOI considered at Step Three, and to explain clearly the medical evidence of record supporting the conclusion reached at that critical stage of the analysis, a remand can be expected to result.  We have further recognized that if it is clear from the record which listing or listings in the LOI were considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the Step Three analysis, the Court may be able to readily determine whether substantial evidence supports the ALJ's Step Three conclusion.  *Schoofield v. Barnhart*, 220 F.Supp.2d 512, 521 (D. Md. 2002)).*; Beckman v. Apfel,* No. Civ.A. WMN-99-3696, 2000 WL 1916316 (D. Md. 2000) (holding that where there is ample factual support for a particular listing, the ALJ must provide a full analysis and compare symptoms, signs, and laboratory findings with the appropriate listing criteria).

  The issue presented here is whether the evidence "generates an issue" as to a particular listing so as to trigger the ALJ's duty to discuss and analyze the evidence under that Listing.  The Court finds that while there is clearly evidence of  degenerative disc disease of the cervical and lumbar spines, the evidence falls far short of the of the criteria required under the Listing 1.04 which covers disorders of the spine.  As is plain from that Listing, Plaintiff has the burden of demonstrating that he suffers from  nerve root compression, spinal arachnonoiditis, or lumbar spinal stenosis.  The evidence regarding Claimant's degenerative disc disease, which was discussed by the ALJ, evidences that the Listing is simply not  satisfied.  *See, e.g.,* R. at 28 *citing* R. at 226 (MRI showing no significant foraminal stenosis or spinal canal stenosis); R. at 29 *citing*  R. at 167-68 (negative straight leg raising tests, very mild limitation of motion of cervical spine with mild tenderness and mild limitations in the lumbar spine with only mild to moderate tenderness).

Date: February 4, 2010                                          _____/s/_____
                                                                THOMAS M. DIGIROLAMO
                                                                United States Magistrate Judge


Copies to:
Lawrence P. Demuth, Esq.
Mignini & Raab, LLP
2015 Emmorton Rd.
Bel Air, MD 21015

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692